UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ALFRED ELLIOTT,

    Plaintiff,

    v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

Civil Action No. 04-1702 (CKK)

---

**MEMORANDUM OPINION**
(December 27, 2006)

On October 17, 2006, the Court issued an Order and Memorandum Opinion, *inter alia*,

granting Defendant's Motion for Summary Judgment as to Plaintiff's Privacy Act claim, among

other claims.  *See* Order, Memorandum Opinion, *Elliott v. Fed. Bureau of Prisons*, Civ. No. 04-

1702, slip. op. (D.D.C. Oct. 17, 2006) (hereinafter "Mem. Op.").  Defendant has now filed a

Motion for Relief from Summary Judgment under Federal Rule of Civil Procedure 60(b), arguing

that he was entitled to reasonable discovery relating to his claim under Section 5(e) of the

Privacy Act, 5 U.S.C. § 552a, before this Court granted Defendant's Motion for Summary

Judgment.

Upon consideration of Defendant's Motion, Plaintiff's Opposition, the relevant case law,

and the entire record herein, the Court shall grant Defendant's motion.  As a result, the Court

shall hold in abeyance and stay only that part of the Court's October 17, 2006 Order and

Memorandum Opinion that granted Defendant's Motion for Summary Judgment as to Plaintiff's

Privacy Act Claim (Mem. Op. at 17-25).  The Court shall allow the parties ninety (90) days –

through and including March 30, 2007 –  in which to complete discovery as to the very discrete

issue of whether Defendant willfully or intentionally violated the Privacy Act.  Upon completion

of discovery, Plaintiff shall have three weeks – through and including April 20, 2007 – to

augment his opposition to Defendant's Motion for Summary Judgment with whatever facts

learned in discovery Plaintiff believes supports his claim that Defendant willfully or intentionally

violated the Privacy Act, and to file his augmented opposition with the Court.  If Plaintiff files an

augmented opposition on or before April 20, 2007, the Court shall set a schedule for responsive

briefing by Defendant and thereafter shall make a formal ruling as to Defendant's Motion for

Summary Judgment.  If, however, Plaintiff does not file an augmented opposition, the stay shall

be lifted and the Court's October 17, 2006 Order and Memorandum Opinion shall be reinstated

on April 23, 2007.

## I. BACKGROUND

The Court shall assume familiarity with the Court's October 17, 2006 Memorandum

Opinion, which sets forth in detail the factual background of this case, and shall therefore only

briefly address such facts as are necessary for resolution of the motion currently before the Court.

Plaintiff Alfred Elliot is a federal prisoner currently serving a five year federal sentence for Wire

Fraud, Securities Fraud, Racketeering, and Filing False Income Tax Return.  Mem. Op. at 2.[1]

Plaintiff alleges that he has suffered and continues to suffer from a number of ailments and

diseases, and that he has undergone a number of medical procedures between 2001 and 2004.  *Id.*

at 3-4 (citing Def.'s Mot. to Dismiss at 2 n.3; Compl. ¶¶ 4(a)-(t); First Am. Coml. ¶¶ 5(a)-(w)).

---

[1] The Court notes that, although Plaintiff is proceeding in this action *pro se*, "Plaintiff received his law degree from the University of Chicago in 1969 and was certified as a trial lawyer by the U.S. District Court for the Northern District of Illinois."  Mem. Op. at 2 n.2 (citing Pl.'s Reply Mem. in Response to Def.'s Opp'n to Pl.'s Mot. for Sanctions at 2 n.2).

On October 4, 2004, while incarcerated at the Federal Correctional Institution in Forrest City,

Arkansas (" FCI - Forrest City"), Plaintiff filed a one-count Complaint with this Court, alleging

that Defendant violated Section 5(e) of the Privacy Act by using a pre-sentence report prepared in

1989 (when Plaintiff was 45 years old and in better health) in determining that Plaintiff should

serve a period of incarceration at FCI - Forrest City.  Mem. Op. at 4 (citing Compl. ¶ 3).

Specifically, Plaintiff alleged that Defendant's records regarding Plaintiff's medical condition

were "not accurate, timely or complete" because they did not reflect Plaintiff's multiple illnesses

and medical procedures.  *Id.* (citing Compl. ¶ 4(a)-(t)).  Plaintiff further claimed that Defendant's

alleged violation of Section 5(e) of the Privacy Act was willful or intentional, *id.* (citing

Compl. ¶ 5(a)-(f)), and that Defendant's decision to send Plaintiff to FCI - Forrest City was an

adverse determination "because while he [was] at FCI - Forrest City, his life and health [were]

endangered . . . ."  *Id.* at 4-5 (citing Compl. ¶ 6).  Plaintiff's Complaint did not, however, claim

that Plaintiff's health was actually damaged in any way by Defendant's alleged Privacy Act

violation.  *Id.* at 5.  Plaintiff thereafter filed his First Amended Complaint, in which he

maintained his Privacy Act claim as Count I, and added two additional claims under the

Americans with Disabilities Act ("ADA") (Count II) and the Rehabilitation Act ("RA") (Count

III).  *Id.* at 6-7 (citing First Am. Compl. ¶ 14-33).

On December 27, 2004, Defendant filed a Motion to Dismiss and/or Motion for Summary

Judgment or, in the Alternative, Motion to Transfer Venue in response to Plaintiff's First

Amended Complaint.  Plaintiff filed his Response to Defendant's Motion to Dismiss and/or

Motion for Summary Judgment on June 7, 2005.  Pl.'s Resp. to Def.'s Mot. to Dismiss

(hereinafter, "Pl.'s Resp.").  Thereafter, Defendant filed a Reply to Plaintiff's Response to

Defendant's Motion for Summary Judgment and Dismissal on June 22, 2005.  *Id.* at 7.  In

relevant part, the Court's October 17, 2006 Memorandum granted Defendant's Motion for

Summary Judgment as to Plaintiff's Privacy Act claim.  The Court found that Plaintiff had

presented sufficient evidence to demonstrate "that Defendant based Plaintiff's initial designation

to FCI - Forrest City on an incomplete or inaccurate record[,]" *Id.* at 18, and assumed that

"Defendant's failure to ensure that Plaintiff's medical record was accurate and complete prior to

designating him for service at FCI - Forrest City might . . . suffice to demonstrate a violation of

section 5(e) of the Privacy Act[,]" *id.* at 19-20.  The Court further assumed that Plaintiff's "initial

designation to FCI - Forrest City constituted an 'adverse determination'" of the type required for

Plaintiff to recover monetary damages for a Privacy Act violation.  *Id.* at 20.

However, the Court found that Plaintiff had  "presented no evidence that the BOP's

determination to designate him for service at FCI - Forrest City constituted an intentional or

willful violation of the Privacy Act."  *Id.* at 24.  As a result the Court found that Plaintiff could

not prevail on his claim for monetary damages under Section (g)(4) of the Privacy Act as a matter

of law.  *Id.* at 24-25 (citing *Deters v. U.S. Parole Comm'n*, 85 F.3d 655, 660 (D.C. Cir. 1996)).

The Court therefore granted Defendant's Motion for Summary Judgment as to Plaintiff's Privacy

Act claim.

## II. LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon

such terms as are just, the court may relieve a party or a party's legal representative from a final

judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect

. . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P.

4

60(b)(6).  The Rule

> was intended to preserve "the delicate balance between the sanctity of final
> judgments . . . and the incessant command of the court's conscience that justice be
> done in light of all the facts." *Bankers Mortgage Co. v. United States*, 423 F.2d 73,
> 77 (5th Cir.), *cert. denied*, 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970)
> (emphasis in original); *accord, Compton v. Alton Steamship Co.*, 608 F.2d 96, 102
> (4th Cir. 1979); *Boughner v. Secretary of HEW*, 572 F.2d 976, 977 (3d Cir. 1978);
> *Clarke v. Burkle*, 570 F.2d 824, 830 (8th Cir. 1978).  But as the Supreme Court has
> said, "There must be an end to litigation someday, and free, calculated, deliberate
> choices are not to be relieved from." *Ackermann v. United States*, 340 U.S. 193, 198,
> 71 S.Ct. 209, 211-12, 95 L.Ed. 207 (1950).  Rule 60(b) cannot, therefore, be
> employed simply to rescue a litigant from strategic choices that later turn out to be
> improvident. *See Marshall v. Board of Educ.*, 575 F.2d 417, 424 (3d Cir. 1978);
> *Federal's, Inc. v. Edmonton Investment Co.*, 555 F.2d 577, 583 (6th Cir. 1977);
> *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 651-52 (1st Cir.
> 1972).

*Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980).  Rule 60(b)

"gives the district judge broad latitude to relieve a party from a judgment," *Richardson v. Nat'l*

*R.R. Passenger Corp.*, 49 F.3d 760, 765 (D.C. Cir. 1995), but "should be only sparingly used,"

*Good Luck Nursing Home*, 636 F.2d at 577, and relief under Rule 60(b)(6) is granted in only

"extraordinary circumstances," *Ackerman v. United States*, 340 U.S. 193, 199 (1950).  Such

extraordinary circumstances may be present "[w]hen a party presents a previously undisclosed

fact so central to the litigation that it shows the initial judgment to have been manifestly unjust

. . . even though the original failure to present the information was inexcusable." *Good Luck*

*Nursing Home*, 636 F.2d at 577.  However, a party that "has not presented known facts helpful to

its cause when it had the chance cannot ordinarily avail itself on rule 60(b) after an adverse

judgment has been handed down." *Id.*

### III. DISCUSSION

Plaintiff has styled his Motion for Relief from Summary Judgment as one brought under

5

Federal Rule of Civil Procedure 60(b)(1), which provides that a court may relieve a party from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  To this end, Plaintiff "affirmatively states that he was surprised by the Court's order granting summary judgment."  Pl.'s Mot. for Relief from Summ. J. (hereinafter "Pl.'s Mot.").  However, Plaintiff's "surprise" at the Court's adverse decision does not, without more, rise to the level of "extraordinary circumstances" required for relief under Federal Rule of Civil Procedure 60(b).  Nevertheless, the basis for Plaintiff's Motion for Relief from Summary Judgment actually appears to be his argument that he was "entitled to a reasonable opportunity for discovery before the district court granted summary judgment on the basis that [Plaintiff] produced no evidence to show that the Defendant's violation of the Privacy Act was intentional or willful."  Pl.'s Mot. at 1.  This argument is one that might merit relief under Federal Rule of Civil Procedure 60(b)(6), which allows a court to relieve a party from judgment "for any other reason justifying relief from the operation of the judgment," Fed. R. Civ. P. 60(b)(6); therefore, the Court shall consider Plaintiff's Motion for Relief from Summary Judgment as one properly brought under Rule 60(b)(6).

The Court's October 17, 2006 grant of Defendant's Motion for Summary Judgment as to Plaintiff's Privacy Act claim was premised on the Court's finding that Plaintiff had "presented no evidence that the BOP's determination to designate him for service at FCI - Forrest City constituted an intentional or willful violation of the Privacy Act[,]" and that as a result, Plaintiff could not prevail on his claim for monetary damages under Section (g)(4) of the Privacy Act as a matter of law.  *Id.* at 24-25 (citing *Deters v. U.S. Parole Comm'n*, 85 F.3d 655, 660 (D.C. Cir. 1996)).  However, in his Motion for Relief from Summary Judgment, Plaintiff argues that he was

precluded from conducting discovery as to whether BOP intentionally or willfully violated the Privacy Act because the Court stayed discovery in this matter on February 12, 2005 pending resolution of the dispositive motions then outstanding.  Pl.'s Mot. at 1-2; *see also Elliott v. Fed. Bureau of Prisons*, Civ. No. 04-1702 (D.D.C. Feb. 12, 2005) (Order).[2]  Plaintiff argues that "discovery in this case is critical since the evidence relating to whether the Defendant acted willfully or intentionally must, of necessity, come from the Defendant[,]" and that as a result, "the Court should vacate its order granting summary judgment and allow [Plaintiff] a reasonable opportunity to engage in discovery."  Pl.'s Mot. at 2.

Defendant opposes Plaintiff's Motion for Relief from Summary Judgment by arguing that, in failing to file an affidavit pursuant to Federal Rule of Civil Procedure 56(f) in response to Defendant's Motion for Summary Judgment, Plaintiff "effectively conceded that the District Court had the evidence it needed to resolve [Defendant's] motion."  Def.'s Opp'n to Mot. for Relief from Summ. J. at 3.  Defendant is correct that Plaintiff did not file a Rule 56(f) affidavit in response to Defendant's Motion for Summary Judgment, nor did Plaintiff request that the Court stay Defendant's Motion in order to allow Plaintiff to pursue discovery.  Strict standards exist for affidavits made under Rule 56(f), *see Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank*

---

[2] The Court's February 12, 2005 Order stayed discovery in this matter upon a motion brought by Defendant, noting that Plaintiff had offered no response to Defendant's motion to stay and as such had effectively conceded the motion. *Elliott v. Fed. Bureau of Prisons*, Civ. No. 04-1702 (D.D.C. Feb. 12, 2005) (Order).  In response to the Court's February 12, 2005, Plaintiff filed a Declaration dated February 21, 2005, averring that prior to receiving the Court's February 12, 2005 Order, Plaintiff had no knowledge of Defendant's motion to stay discovery because he had been transferred to MCC-Chicago and did not receive mail sent to him at his previous address at FCC-Beaumont (Low).  2/21/05 Elliott Decl. ¶¶ 3-8.  Nevertheless, the Court's February 12, 2005 Order remained in effect and discovery was not conducted in this case, pending resolution of Defendant's dispositive motions.

*of Wash.*, 699 F.2d 1274, 1278 n.6 (D.C. Cir. 1983); *see also Hotel & Rest. Employees Union ,*

*Local 25 v. Att'y Gen.*, 804 F.2d 1256, 1269 (D.C. Cir. 1986) (noting that a Rule 56(f) affidavit

requirement helps "prevent fishing expeditions"), *vacated on other grounds*, 808 F.2d 847 (D.C.

Cir. 1987), and it is clear that Plaintiff submitted no affidavit at all in support of his opposition to

Defendant's Motion for Summary Judgment, let alone one that complied with the standards for

Rule 56(f) affidavits.  Moreover, plaintiffs who fail to file a Rule 56(f) affidavit may be

precluded from arguing that a district court improperly granted summary judgment because

additional discovery was required.  *See Smith-Haynie v. District of Columbia*, 155 F.3d 575, 579

(D.C. Cir. 1998) (affirming district court's grant of summary judgment where plaintiff could

have, but did not, file a Rule 56(f) affidavit)).

However, the Court is cognizant that "a party opposing summary judgment needs a

'reasonable opportunity' to complete discovery before responding to a summary judgment

motion and that 'insufficient time or opportunity to engage in discovery' is cause to defer

decision on the motion."  *Khan v. Parsons Global Servs. Ltd.*, 428 F.3d 1079, 1087 (D.C. Cir.

2005) (citing *Martin v. Malhoyt*, 830 F.2d 237, 256 (D.C. Cir. 1987) and *First Chicago Int'l v.*

*United Exch. Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988)).  Moreover, the D.C. Circuit has

determined that "other documents filed by the plaintiff-such as opposing motions and

outstanding discovery requests-[may suffice] to alert the district court of the need for further

discovery and thus serve[] as the functional equivalent of [a Rule 56(f)] affidavit."  *First Chicago*

*Int'l*, 836 F.2d at 1380.

Plaintiff's Response to Defendant's Motion to Dismiss and/or Motion for Summary

Judgment generally stated that "[t]here has been no discovery in this case and the Court . . .  has

prevented [Plaintiff] from proceeding with discovery."  Pl.'s Resp. to Def.'s Mot. to Dismiss

and/or Mot. for Summ. J. (hereinafter "Pl.'s Resp. to Mot. for Summ. J.") at 4.  This general

statement falls drastically short of serving as the "functional equivalent" of a Rule 56(f) affidavit,

especially in light of the fact that after making this general statement, Plaintiff continued to

oppose Defendant's Motion for Summary Judgment by indicating the facts that he believed

demonstrated that the BOP acted willfully or intentionally.  *Id.*[3]  In its October 17, 2006, the

Court reviewed each of these facts and determined that none rose to the level of conduct "so

'patently egregious and unlawful' that anyone undertaking the conduct should have known it

'unlawful[,]'" as is required to show a willful or intentional violation of the Privacy Act.  Mem.

Op. at 21-25.  As such, the Court concluded that Plaintiff could not, as a matter of law, recover

monetary damages under Section (g)(4) of the Privacy Act.  *Id.* at 25.

Upon receipt of Plaintiff's Motion for Relief from Summary Judgment, the Court has

closely reviewed Plaintiff's Response to Defendant's Motion to Dismiss and/or Motion for

Summary Judgment.  The Court notes that one of the "facts" Plaintiff cites in support of his

claim that the BOP willfully or intentionally violated the Privacy Act is an unsupported

allegation that "[t]he BOP may have been told by either the Marshal Service or [Plaintiff's]

attorney about [Plaintiff's] medical problems" prior to Plaintiff's incarceration at FCI - Forrest

City.  Pl.'s Resp. to Def.'s Mot. for Summ. J. at 5.  With respect to this particular allegation,

Plaintiff's Response further states that "[s]ince [Plaintiff] has not been allowed any discovery he

---

[3] In addition, the Court notes that although Plaintiff had served requests for production of documents and interrogatories on Defendant prior to the stay of discovery in this action, *see* Pl.'s Mot. at 1-2, the Court has never viewed those discovery requests and therefore cannot determine that they are the "functional equivalent" of a Rule 56(f) motion.

does not know 'what the BOP knew and when it knew it.'" *Id.*[4]  Although Plaintiff fails to make the explicit argument himself, in an abundance of caution, the Court will assume that Plaintiff intended to argue that discovery into what, if anything, the BOP learned regarding Plaintiff's health condition prior to his designation for service at FCI - Forrest City might provide him with factual support for his claim that that designation constituted a willful or intentional violation of the Privacy Act.  As the Court's October 17, 200 grant of summary judgment as to Plaintiff's Privacy Act claim was based on the Court's finding that Plaintiff had "presented no evidence that the BOP's determination to designate him for service at FCI - Forrest City constituted an intentional or willful violation of the Privacy Act," Mem. Op. at 21, the Court agrees with Plaintiff that he is entitled to discovery into that very limited issue before the Court reaches a final ruling on Defendant's Motion for Summary Judgment.  *See Maydak v. United States*, 363 F.3d 512, 521 (D.C. Cir. 2004) (finding that BOP's argument that plaintiffs had failed to show an intentional or willful Privacy Act violation provided no basis for summary judgment "[b]ecause th[e] issue [was] a question of fact entirely undeveloped in the record").

---

[4] The Court further notes that three weeks after opposing Defendant's Motion for Summary Judgment, Plaintiff filed a Motion to Permit Limited Discovery, requesting that the Court lift the stay of discovery in this action in order to permit Plaintiff to obtain through discovery Plaintiff's medical records and BOP documents regarding the system of classifying inmates' health care needs as well as BOP documents regarding the criteria used to determine which inmates are assigned to Federal Medical Centers.  Pl.'s Mot. to Permit Lim. Disc. at 1. Plaintiff asserted that this discovery would be used "to rebut the BOP's contention that [Plaintiff] had no right to expect that he would be incarcerated at a Federal Medical Center, and that the BOP's decision not to assign him to a medical center was not an 'adverse determination.'" *Id.* at 2.  However, in addressing Defendant's Motion for Summary Judgment, the Court's October 17, 2006 Memorandum Opinion assumed that Plaintiff's "initial designation to FCI - Forrest City constituted an 'adverse determination.'" Mem. Op. at 21.  As such, the discovery Plaintiff sought in his Motion to Permit Limited Discovery would be of no consequence to Plaintiff in opposing Defendant's Motion for Summary Judgment.

**IV. CONCLUSION**

For the foregoing reasons, the Court shall grant Plaintiff's Motion for Relief from Summary Judgment and shall hold in abeyance and stay only that part of the Court's October 17, 2006 Order and Memorandum Opinion that granted Defendant's Motion for Summary Judgment as to Plaintiff's Privacy Act Claim on the issue of willfulness (Mem. Op. at 17-25). The Court shall allow the parties ninety (90) days – through and including March 30, 2007 – in which to complete discovery as to the very discrete issue of whether Defendant willfully or intentionally violated the Privacy Act. Upon completion of discovery, Plaintiff shall have three weeks – through and including April 20, 2007 – to augment his opposition to Defendant's Motion for Summary Judgment with whatever facts learned in discovery Plaintiff believes supports his claim that Defendant willfully or intentionally violated the Privacy Act, and to file his augmented opposition with the Court. If Plaintiff files an augmented opposition on or before April 20, 2007, the Court shall set a schedule for responsive briefing by Defendant and thereafter shall make a formal ruling as to Defendant's Motion for Summary Judgment. If, however, Plaintiff does not file an augmented opposition, the stay shall be lifted and the Court's October 17, 2006 Order and Memorandum Opinion shall be reinstated on April 23, 2007.


Date:   December 27, 2006


_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge